IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKEY DOSSIE, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 14-0052 |
| | : | |
| BRIAN V. COLEMAN, et al., | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**TIMOTHY R. RICE**                         **October 9, 2014**
**U.S. MAGISTRATE JUDGE**

  Petitioner Rickey Dossie, a prisoner at the State Correctional Institution in La Belle, Pennsylvania, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, I recommend that his petition be dismissed with prejudice as untimely.

<strong><u>FACTUAL AND PROCEDURAL HISTORY</u></strong>

  On March 6, 2003, Dossie was tried and convicted of three counts of burglary, three counts of criminal trespass, three counts of defiant trespass, two counts of theft by unlawful taking, two counts of receiving stolen property, one count of criminal mischief, one count of attempted theft, and one count of simple assault. Habeas Pet. (doc. 1) at 4-5; Commwlth Resp. (doc. 10) at 1. Dossie was sentenced to 14 to 30 years imprisonment. Habeas Pet. at 4-5; Commwlth Resp. at 1.

  On May 23, 2005, the Pennsylvania Superior Court affirmed Dossie's convictions,[1] and on September 21, 2005, the Pennsylvania Supreme Court denied further review. Commonwealth

---

[1]  Because Dossie did not timely appeal, he sought reinstatement of his appellate rights in a petition filed under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9542 et. seq. See Commonwealth v. Dossie, CP-51-CR-1102031-2002, Crim. Docket at 4. On April 16, 2004, the PCRA court granted Dossie leave to appeal nunc pro tunc. Id.

v. Dossie, 1199 EDA 2004, Super. Ct. Docket at 2.  On or about January 2, 2013, Dossie filed his federal habeas petition,[2] raising 4 claims based on alleged violations of his Fourth and Sixth Amendment rights.[3]  Habeas Pet. at 8-13.

## DISCUSSION

I.     Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on applications for writs of habeas corpus.  28 U.S.C. § 2244(d)(1).  Generally, the limitations period begins on the date the petitioner's judgment of sentence became final "by the conclusion of direct review or the expiration of the time for seeking such review."  Id. § 2244(d)(1)(A).

> Alternatively, one of the following start dates may apply if established by petitioner:
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2]     Dossie did not date his habeas petition.  Habeas Pet. at 4, addendum.  His signed cover letter to the court, however, is dated January 2, 2014.  Dossie dated his application to waive filing fees December, 29, 2013.  Habeas Pet. at 2, addendum.

[3]     Dossie's habeas claims are based on the following: ineffective assistance of counsel; not being advised of Miranda warnings at the time of his arrest; abuse of discretion by the trial court; and counsel's actions effectively waiving his substantive claims.  Habeas Pet. at 8-13.

Id. § 2244(d)(1)(B)-(D); see also Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982) (petitioner must prove "all facts entitling him to" habeas relief).

Dossie's sentence became final on December 20, 2005, 90 days after the Pennsylvania Supreme Court denied further review of his judgment of sentence. See Super. Ct. Docket at 2; § 2244(d)(1)(A) (judgment becomes final at expiration of time for seeking review); U.S. S. Ct. Rule 13 (allowing ninety days to file a petition for writ of certiorari with the United States Supreme Court). Dossie needed to file his federal habeas petition within one year of his final judgment date, or by December 20, 2006. See § 2244(d)(1)(A). Dossie, however, failed to file his federal habeas petition until January 2, 2013, more than 7 years after the expiration of the limitations period.

Dossie argues that any untimeliness in filing his habeas petition should be excused because "facts were unknown" to him. See Habeas Pet., at 17. Presumably, he is seeking a later start date of the one year habeas limitations period under § 2244(d)(1)(D). Dossie, however, does not explain what facts were unknown to him, how he discovered them, and why they could not have been discovered earlier. Dossie has failed to establish that he is entitled to a late start date based on § 2244(d)(1)(D).

Statutory Tolling

The federal limitations period may be tolled during the time a "properly filed" state collateral proceeding is pending. § 2244(d)(2); see Pace v. DiGuglielmo, 544 U.S. 408, 415-17 (2005). However, because Dossie did not file a PCRA petition after his judgment of sentence became final on December 20, 2005, he is not entitled to statutory tolling.

Equitable Tolling

"Equitable tolling is available only when the principle of equity would make the rigid

3

application of a limitation period unfair." Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003) (quotations omitted).  "[A] petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Equitable tolling is warranted "'only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'"  Schlueter v. Varner, 384 F.3d 69, 75 (3d Cir. 2004) (quoting Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).

Equitable tolling is not warranted here.  Dossie fails to show how he has been diligently pursuing his rights or what extraordinary circumstances precluded a timely filing.  See Holland, 560 U.S. at 649.

Accordingly, I make the following:

## RECOMMENDATION

AND NOW, on October 9, 2014, it is respectfully recommended that the petition for writ of habeas corpus be DENIED with prejudice.  It is further recommended that there is no probable cause to issue a certificate of appealability.[4]  The petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

*/s/ Timothy R. Rice*
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[4]     Because jurists of reason would not debate my recommended disposition of the petitioner's claims, a certificate of appealability also should not be granted.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).